## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

10-38316

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Michael C. Burt**                          Case No:

This plan, dated   **December 3, 2010**  , is:

⊠  the *first* Chapter 13 plan filed in this case.
☐  a modified Plan, which replaces the
☐ confirmed or ☐ unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$879,441.00**
Total Non-Priority Unsecured Debt: **$70,466.00**
Total Priority Debt: **$18,508.00**
Total Secured Debt: **$872,767.00**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

10-38316

**1.**    **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$1,200.00 Monthly for 60 months**. Other payments to the Trustee are as follows:    **NONE** . The total amount to be paid into the plan is $   **72,000.00** .

**2.**    **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

  **A.**    **Administrative Claims under 11 U.S.C. § 1326.**

  1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
  2.    Debtor(s)' attorney will be paid $   **2,334 .00**    balance due of the total fee of $   **3,000.00**    concurrently with or prior to the payments to remaining creditors.

  **B.**    **Claims under 11 U.S.C. §507.**
  The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | **9,608.00** | Prorata |
| | | | 55 months |
| **Mecklenburg** | **Taxes and certain other debts** | **8,900.00** | Prorata |
| | | | 55 months |

**3.**    **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

  **A.**    **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

  This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Citizens Bank & Trust Company** | **1995 John Deere 310D** | **2007** | **11,870.00** | **11,000.00** |
| **GMAC** | **2006 Chev Silverado 3500 90,000 miles** | **2006** | **26,000.00** | **18,400.00** |

  **B.**    **Real or Personal Property to be Surrendered.**

  Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Ocwen Loan Servicing, LLC** | **16577 Hwy 47 Chase City, VA 23924** | **354,200.00** | **393,000.00** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**C.    Adequate Protection Payments.**

10-38316

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Departure Bikeworks** | **Motorcycle** | **105.00** | |
| | **Needs work done** | | |
| **Citizens Bank & Trust Company** | **1995 John Deere 310D** | **237.00** | |
| **GMAC** | **2006 Chev Silverado 3500** | **368.00** | |
| | **90,000 miles** | | |
| **Benchmark Bank** | **16517 Hwy 47** | **3,100.00** | |
| | **Chase City, VA 23924** | | |
| **Benchmark Bank** | **17577 Hwy 47** | **3,100.00** | |
| | **Chase City, VA 23924** | | |
| **Benchmark Bank** | **2001 Volvo Truck $22,095** | **3,100.00** | |
| | **2001 Mac Dump Truck $19,739** | | |
| | **99 Eager Beaver 50 Ton Trailer $23,199** | | |
| | **Liebher Crawler Loader $18,705** | | |
| | **PowerScreen Powergrinder $27,892.00** | | |
| **Komatsu Financial** | **Komatsu D39-PX-21 bulldozer** | **2,000.00** | |
| | **Komatsu PC200-LC 8 excavator** | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Departure Bikeworks** | **Motorcycle Needs work done** | **4,200.00** | **0%** | **105.00 40 months** |
| **Citizens Bank & Trust Company** | **1995 John Deere 310D** | **11,000.00** | **0%** | **220.00 50 months** |
| **GMAC** | **2006 Chev Silverado 3500 90,000 miles** | **18,400.00** | **0%** | **368.00 50 months** |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**4.**     **Unsecured Claims.**

10-38316

    **A.**     **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __8__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

    **B.**     **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**     **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.**     **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Benchmark Bank | 16517 Hwy 47 Chase City, VA 23924 | 3,100.00 | 0.00 | 0% | 0 months | |
| Benchmark Bank | 17577 Hwy 47 Chase City, VA 23924 | 3,100.00 | 0.00 | 0% | 0 months | |
| Benchmark Bank | 2001 Volvo Truck $22,095 2001 Mac Dump Truck $19,739 99 Eager Beaver 50 Ton Trailer $23,199 Liebher Crawler Loader $18,705 PowerScreen Powergrinder $27,892.00 | 3,100.00 | 0.00 | 0% | 0 months | |
| Komatsu Financial | Komatsu D39-PX-21 bulldozer Komatsu PC200-LC 8 excavator | 2,000.00 | 0.00 | 0% | 0 months | |
| Wachovia Dealer Services | 2004 Chev Silverado 3500 140,000 miles | 0.00 | 0.00 | 0% | 0 months | |

    **B.**     **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

**C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|----------|-----------|---------------|-----------------|----------------------------|
| -NONE- | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|----------|------------------|
| H&M Financial Corp | Powerwasher that was stolen -REJECT |

**B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|----------|------------------|-----------|------------------------------|------------------------|
| -NONE- | | | | |

**7.** **Liens Which Debtor(s) Seek to Avoid.**

**A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|----------|-----------|------------------|---------------------|
| -NONE- | | | |

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|----------|-------------|---------------------------|---------------------|
| -NONE- | | | |

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the claim may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

10-38316

9. **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**
    Ocwen/note holder to foreclose on 16577 Hwy 47, not later than 90 days after plan confirmation.

    DIB to pay Benchmark 3100 each month starting December 2010, for adequate protection for house, shop, and equipment

    DIB to pay 2000 each month starting January 2011, for adequate protection for equipment

**Signatures:**

Dated:    **December  3, 2010**

**/s/ Michael C. Burt**                                                    **/s/ Jason M. Krumbein, Esq.**
Michael C. Burt                                                           Jason M. Krumbein, Esq. 43538
**Debtor**                                                                 **Debtor's Attorney**

Exhibits:        Copy of Debtor(s)' Budget (Schedules I and J);
                 Matrix of Parties Served with Plan

Certificate of Service

         I certify that on    **December  3, 2010**    , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                    **/s/ Jason M. Krumbein, Esq.**
                    Jason M. Krumbein, Esq. 43538
                    Signature

                    **1650 Willow Lawn Drive**
                    **Suite 300**
                    **Richmond, VA 23230**
                    Address

                    **804.673.4358**
                    Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re   **Michael C. Burt**

Debtor(s)

Case No.

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Benchmark Bank**
**P.O. Box 97**
**1910 Main St.**
**Victoria, VA 23974**

*Name of creditor*

**16517 Hwy 47**
**Chase City, VA 23924**

*Description of collateral*

1.   The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒   To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

**Michael C. Burt**

*Name(s) of debtor(s)*

By:   **/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**

*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**

*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**

*Address of attorney [or pro se debtor]*

Tel. #   **804.673.4358**
Fax #   **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this     **December  3, 2010**     .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re    **Michael C. Burt**

_____

Debtor(s)

Case No. _____

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Citizens Bank & Trust Company**
**126 S Main St.**
**Blackstone, VA 23824**
_____

*Name of creditor*

**1995 John Deere 310D**
_____

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:    _____

Date and time of confirmation hearing:    _____

Place of confirmation hearing:    _____

**Michael C. Burt**
_____

*Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
_____

**Jason M. Krumbein, Esq. 43538**

*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
_____

*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
_____

*Address of attorney [or pro se debtor]*

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this      **December  3, 2010**     .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

10-38316

In re   **Michael C. Burt**

                                           *Debtor(s)*

Case No.

Chapter    **13**

# SPECIAL NOTICE TO SECURED CREDITOR

To:   **GMAC**
**Bankruptcy Dept.**
**P.O. Box 130424**
**Roseville, MN 55113**
*Name of creditor*

**2006 Chev Silverado 3500**
**90,000 miles**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒        To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐        To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

                            **Michael C. Burt**
                            *Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
           **Jason M. Krumbein, Esq. 43538**
           *Signature*

           ☒ Debtor(s)' Attorney
           ☐ Pro se debtor

           **Jason M. Krumbein, Esq. 43538**
           *Name of attorney for debtor(s)*
           **1650 Willow Lawn Drive**
           **Suite 300**
           **Richmond, VA 23230**
           *Address of attorney [or pro se debtor]*

           Tel. #   **804.673.4358**
           Fax #   **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **December 3, 2010** .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re   **Michael C. Burt**
_____
Debtor(s)

Case No. _____
Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Komatsu Financial**
**1701 W. Gof Course Rd, Ste 300**
**P.O. bix 5050**
**Rolling Meadows, IL 60008**
_____
*Name of creditor*

**Komatsu D39-PX-21 bulldozer**
**Komatsu PC200-LC 8 excavator**
_____
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                          _____

Date and time of confirmation hearing:   _____

Place of confirmation hearing:            _____

**Michael C. Burt**
_____
*Name(s) of debtor(s)*

By:   **/s/ Jason M. Krumbein, Esq.**
      **Jason M. Krumbein, Esq. 43538**
      _____
      *Signature*

      ☒ Debtor(s)' Attorney
      ☐ Pro se debtor

      **Jason M. Krumbein, Esq. 43538**
      _____
      *Name of attorney for debtor(s)*
      **1650 Willow Lawn Drive**
      **Suite 300**
      **Richmond, VA 23230**
      _____
      *Address of attorney [or pro se debtor]*

      Tel. #   **804.673.4358**
      Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **December 3, 2010**    .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re   **Michael C. Burt**

_____
_Debtor(s)_

Case No.
Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Ocwen Loan Servicing, LLC**
**2711 Centerville Road**
**Suite 400**
**Wilmington, DE 19808**
_Name of creditor_

**16577 Hwy 47**
**Chase City, VA 23924**
_Description of collateral_

1.   The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

   ☒   To value your collateral.  **_See Section 3 of the plan._**  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  **_See Section 7 of the plan._**  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   **_You should read the attached plan carefully for the details of how your claim is treated._**  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:   _____

Date and time of confirmation hearing:   _____

Place of confirmation hearing:   _____

**Michael C. Burt**
_____
_Name(s) of debtor(s)_

By:   **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
_Signature_

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
_____
_Name of attorney for debtor(s)_
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
_____
_Address of attorney [or pro se debtor]_

Tel. #   **804.673.4358**
Fax #   **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**December 3, 2010**___ .

**/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re   **Michael C. Burt**

Debtor(s)

Case No.
Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **Saxon Mortgage
4708 Mercantile Dr. North
Fort Worth, TX 76137**

*Name of creditor*

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

**Michael C. Burt**

*Name(s) of debtor(s)*

By:   **/s/ Jason M. Krumbein, Esq.**

**Jason M. Krumbein, Esq. 43538**

*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**

*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230**

*Address of attorney [or pro se debtor]*

Tel. #   **804.673.4358**
Fax #   **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **December 3, 2010**    .

**/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

10-38316

In re    **Michael C. Burt**

Debtor(s)

Case No.
Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Wachovia Dealer Services**
**PO Box 19657**
**Irvine, CA 92623**
*Name of creditor*

**2004 Chev Silverado 3500**
**140,000 miles**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, underline unless you file and serve a written objection by the date specified underline and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

**Michael C. Burt**
*Name(s) of debtor(s)*

By:    **/s/ Jason M. Krumbein, Esq.**
**Jason M. Krumbein, Esq. 43538**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Jason M. Krumbein, Esq. 43538**
*Name of attorney for debtor(s)*
**1650 Willow Lawn Drive**
**Suite 300**
**Richmond, VA 23230**
*Address of attorney [or pro se debtor]*

Tel. #    **804.673.4358**
Fax #    **804.673.4350**

## CERTIFICATE OF SERVICE

10-38316

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **December  3, 2010** .

/s/ Jason M. Krumbein, Esq.
**Jason M. Krumbein, Esq. 43538**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re __Michael C. Burt__                                  Case No. _10-38316_
                  Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP(S): **Son** | AGE(S): **10** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **excavation** | |
| Name of Employer | **Self** | |
| How long employed | **29 years** | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **0.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **0.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | **0.00** | $ | **N/A** |
|     b. Insurance | $ | **0.00** | $ | **N/A** |
|     c. Union dues | $ | **0.00** | $ | **N/A** |
|     d. Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **0.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **11,570.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **11,570.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **11,570.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | **11,570.00** |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
      **Income varies month to month**

**B6J (Official Form 6J) (12/07)**

In re __Michael C. Burt__ _____  Case No. ___10-38316___
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,100.00 |
| a. Are real estate taxes included?  Yes ___  No _X_ | | |
| b. Is property insurance included?  Yes ___  No _X_ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 140.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 60.00 |
| d. Other  **See Detailed Expense Attachment** | $ | 185.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 75.00 |
| 7. Medical and dental expenses | $ | 250.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 100.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 225.00 |
| e. Other  **business insurance** | $ | 200.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)  **See Detailed Expense Attachment** | $ | 1,800.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other  **Komatsu** | $ | 2,000.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 2,000.00 |
| 17. Other  **Personal Care & Contingency Expenses** | $ | 200.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 11,155.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | $ | 11,570.00 |
| b. Average monthly expenses from Line 18 above | $ | 11,155.00 |
| c. Monthly net income (a. minus b.) | $ | 415.00 |

**B6J (Official Form 6J) (12/07)**

In re  **Michael C. Burt**                                               Case No. _____
                          Debtor(s)                                                    10-38316

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| cell phone | $ | 100.00 |
| DirecTV | $ | 65.00 |
| Internet | $ | 20.00 |
| **Total Other Utility Expenditures** | $ | 185.00 |

**Specific Tax Expenditures:**

| | | |
|---|---|---|
| Personal Property Taxes | $ | 300.00 |
| Real Estate Taxes | $ | 300.00 |
| Income Taxes (ESTIMATED) | $ | 1,200.00 |
| **Total Tax Expenditures** | $ | 1,800.00 |

10-38316

Michael C. Burt
16577 Hwy 47
Chase City, VA 23924

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Commonwealth of Virginia
Director of Finance
P.O. Box 760
Richmond, VA 23218-0760

Check Systems
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Saint Paul, MN 55125

Benchmark Bank
P.O. Box 97
1910 Main St.
Victoria, VA 23974

Boydton Community Health
P.O. box 540
Boydton, VA 23917

Boydton Dental Center
P.O. Box 472
Boydton, VA 23917

CB&T - Aspire
P.O. Box 105555
Atlanta, GA 30348

Citizens Bank & Trust Company
126 S Main St.
Blackstone, VA 23824

Comunity Memorial Hosptial
125 Buena Vista Cir
South Hill, VA 23970

10-38316

Credit Control Corporation
PO Box 120568
Newport News, VA 23612


Credit One Bank, NA
P.O. Box 98873
Las Vegas, NV 89193-8873


Departure Bikeworks
5216 Hull Street Road
Richmond, VA 23224-2424


Dominion Health Care
2232 Wilborn Avenue # A
South Boston, VA 24592-1662


First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524


GMAC
Bankruptcy Dept.
P.O. Box 130424
Roseville, MN 55113


H&M Financial Corp
P/O. Box 521
Norristown, PA 19401


HSBC Card Services
Bankruptcy Department
P.O. Box 5253
Carol Stream, IL 60197-5253


J.L. Walston & Associates
326 South Main Street
Emporia, VA 23847-2028


James Priest, DDS
420 Hamilton Blvd
South Boston, VA 24592


KCA Financial Svcs
628 North St.
Geneva, IL 60134

10-38316

Komatsu Financial
1701 W. Gof Course Rd, Ste 300
P.O. bix 5050
Rolling Meadows, IL 60008


Mecklenburg
P.O. Box 250
Boydton, VA 23917


Ocwen Loan Servicing, LLC
2711 Centerville Road
Suite 400
Wilmington, DE 19808


Peebles/Stage Stores
P.O. Box 182273
Columbus, OH 43218-2273


R.A. Whitlow Painting & Floor
134 Brook Run
Halifax, VA 24558


Receivables Management
7206 Hull St. Rd
Richmond, VA 23235


Rish equipment
P.O. box 330
Bluefield, WV 24701


Saxon Mortgage
4708 Mercantile Dr. North
Fort Worth, TX 76137


Soutside Messenger
P.O. box 849
Keysville, VA 23947


The Monitor
P.O. box 399
Sutherland, VA 23885


Wachovia Dealer Services
PO Box 19657
Irvine, CA 92623